MORRIS GOLDSTEIN, as Administrator with the Will Annexed, etc., of SAM GOLDSTEIN, Also Known as SAM GOLD, Deceased, Respondent, v. U. S. SMOKED FISH DISTRIBUTORS, INC., Appellant, and Others, Defendants.— Order granting partial summary judgment for plaintiff against the appealing defendant affirmed, with fifty dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

HAROLD GORDON, Assignee of CRISPO & SONS, INC., and SAVOY PRODUCE CO., Appellant, v. MAURICE L. JACOBS, HERMAN JACOBS and SAMUEL JACOBS, Copartners, Doing Business as S. JACOBS & CO., Respondents.— Action for goods sold and delivered. Order of the County Court of Westchester county affirming, with modification, a judgment of the City Court of White Plains reversed on the law and the facts, with costs, judgment of the City Court reversed, with costs, and judgment directed for the plaintiff for the amount demanded in the complaint, with interest and costs. The appeals from the judgment of the City Court and from the order of the County Court denying reargument are dismissed. The only issue was whether or not there had been assigned to the plaintiff the claims of two assignors against the defendants. The only reason written assignments of these claims were excluded and held not to evidence the assignments to the plaintiff was the lack of a proper acknowledgment. If the acknowledgments had been in proper form, the assignments would have been admissible; that is, the acknowledgments would have carried the assignments into evidence. A written assignment may be admitted to evidence upon proof, apart from an acknowledgment. There was present here an indirect form of proof of the validity of the written assignments. This proof was received without objection. It contained concededly valid signatures of the assignors which were available for comparison with the signatures on the assignments under section 332 of the Civil Practice Act. When the comparison is made it appears that the assignments were in fact executed by the assignors. In fact, no claim to the contrary is made. Hence the assignments should have been received in evidence to establish plaintiff's right to judgment. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.